IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**ISRAEL PERL**; pro se,
    Plaintiff,

CASE NO._____

-v-

**AMERICAN EXPRESS**;
    Defendant,

**JURY TRAIL DEMANDED**

## COMPLAINT

Plaintiff, ISRAEL PERL, individually, and pro se, hereby sues Defendant AMERICAN EXPRESS and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant from violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p (FCRA).

4. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

### PARTIES

5. Plaintiff, is a natural person who resides in the State of New York and is a consumer as defined by the 15 U.S.C. §1681 (FCRA).

6. Upon information and belief Defendant AMERICAN EXPRESS, is an unknown entity with an address of 1801 NW 66 Ave. Suite 103, Plantation, FL 33313, with a

1

Registered Agent of CT CORPORATION SYSTEM, 111 8TH AVE, NEW YORK, NEW YORK, 10011. Defendant uses the U.S. Postal Service mail to conduct business, and is authorized to do business in New York.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff alleges and incorporates the information in paragraphs 1 through 8.

10. On or about August 1, 2010, Defendant initiated a "hard pull" of Plaintiff's credit report from Equifax without permissible purpose, thereby reducing Plaintiff's credit score.

11. On or about August 1, 2010, Defendant initiated a "soft pull" of Plaintiff's credit report from Equifax without permissible purpose.

12. Defendant has repeatedly informed Plaintiff that it can find no record of an account with Plaintiff.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT AMERICAN EXPRESS

13. Plaintiff alleges and incorporates the information in paragraphs 1 through 12.

14. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

15. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

16. Defendant willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

   a) Defendant willfully violated 15 U.S.C. §1681b(f) 2 times by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant AMERICAN EXPRESS for statutory damages, and punitive damages, fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT AMERICAN EXPRESS

17. Plaintiff alleges and incorporates the information in paragraphs 1 through 16.

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

19. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

20. Defendant willfully violated the FCRA. Defendant AMERICAN EXPRESS's violations include, but are not limited to, the following:

   a) Defendant negligently violated 15 U.S.C. §1681b(f)2 times by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant AMERICAN EXPRESS for statutory damages, and punitive damages, fees and costs, pursuant to 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of law.

Dated:   October 03, 2011

Respectfully submitted,

_____
Israel Perl
3 Koznits Rd. # 102
Monroe, NY 10950
845-662-4520
ibzp12@gmail.com