UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ISRAEL PERL,

                Plaintiff,

      -v-

AMERICAN EXPRESS,

                Defendant.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5-8-12

11 Civ. 7347 (KBF)

ORDER

This Order also relates to:

11 Civ. 6899 (KBF)
11 Civ. 7972 (KBF)
11 Civ. 7767 (KBF)
11 Civ. 8165 (KBF)
11 Civ. 8521 (KBF)
11 Civ. 8529 (KBF)
11 Civ. 8705 (KBF)
11 Civ. 8887 (KBF)
11 Civ. 9007 (KBF)
11 Civ. 9066 (KBF)
11 Civ. 9092 (KBF)
12 Civ. 599 (KBF)
12 Civ. 966 (KBF)

KATHERINE B. FORREST, District Judge:

Pro se plaintiffs Israel Perl and Gittel Perl, who reside at the same address, have filed fourteen separate cases in this Court, thirteen of which allege substantially similar conduct and assert the same Fair Credit Reporting Act ("FCRA") cause of action. (Perl v. Arrow Financial Servs., 11 Civ. 6899 (dismissed for failure to state a claim); Perl v. American Express, 11 Civ. 7347 (dismissed for failure to prosecute); Perl v. Bombay CMPN/CBSD, 11 Civ. 7767 (dismissed for failure to state a claim); Perl v. Plains Commerce Bank, 11 Civ. 7972

(same); Perl v. Credit Bureau Collection Servs., Inc. DBA CBCS, 11 Civ. 8165 (ongoing); Perl v. AT&T Mobility, 11 Civ. 8521 (dismissed for failure to state a claim); Perl v. Nationwide Credit, 11 Civ. 8529 (same); Perl v. Webbank DFS, 11 Civ. 8705 (same); Perl v. 121 NCC 1593, 11 Civ. 8887 (same); Perl v. AT&T Servs., 11 Civ. 9007 (same); Perl v. Hudson Valley Fed., 11 Civ. 9066 (same); Perl v. Capital One Bank, 11 Civ. 9092 (same); Perl v. Total Card, Inc., 12 Civ. 599 (same); Perl v. PNC Bank, 12 Civ. 966 (same).)  All but Perl v. Credit Bureau Collection Services, Inc. DBA CBCS, 11 Civ. 8165, have been dismissed with prejudice at the pleadings stage.  In forma pauperis status was granted in all fourteen actions.

In light of that litigation history, Mr. and Ms. Perl are warned - and on notice - that bringing further duplicative or frivolous cases in this Court will result in an order barring them from filing new actions in forma pauperis without prior permission. See 28 U.S.C. § 1651; see also Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (requiring that a litigant be given notice and an opportunity to be heard because a district court imposes a filing injunction on him). Additionally, should either Mr. or Ms. Perl file any additional lawsuits based on the same FCRA cause of action (as in 13 of their other cases), he or she may be charged with knowledge of the elements of his or her claim and be denied the special solicitude typically afforded

pro se plaintiffs for certain purposes, such as, for instance, opposing a motion to dismiss. See Sledge v. Kooi, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigants may be charged with knowledge of particular legal requirements).

SO ORDERED:

Dated:   New York, New York
         May 7, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge